Kristin A. Linsley (#154148)
 klinsley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center #2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:     415.393.8306

Jay P. Srinivasan (#181471)
 jsrinivasan@gibsondunn.com
Bradley J. Hamburger (#266916)
 bhamburger@gibsondunn.com
Samuel Eckman (#308923)
 seckman@gibsondunn.com
Alexander N. Harris (#278482)
 aharris@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:     213.229.7520

*Attorneys for Plaintiff RealPage, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALPAGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF BERKELEY, CALIFORNIA, and PAUL BUDDENHAGEN, CITY MANAGER OF BERKELEY, CALIFORNIA, in his official capacity,<br><br>Defendants. | CASE NO. 3:25-cv-03004-JSC<br><br>**SUPPLEMENTAL DECLARATION IN SUPPORT OF REALPAGE'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Date: April 16, 2025<br>Time: 11:00 a.m.<br>Judge: Hon. Jacqueline S. Corley<br>Trial Date: None Set<br>Date Action Filed: April 2, 2025 |

Gibson, Dunn & Crutcher LLP

Per this Court's request at the April 16, 2025 hearing, Plaintiff RealPage, Inc., submits a Supplemental Declaration of Amy Dreyfuss in support of its motion for temporary restraining order and preliminary injunction. Mot. i, 16. As the Supplemental Declaration confirms, (1) the version of RealPage's revenue management software currently used at sites in the City of Berkeley uses only public information and information specific to the subject property in making a recommendation with respect to that property; (2) this version, which RealPage also offers to other potential customers in Berkeley, is different in this respect from the prior version that is the subject of the other litigation that the City cites, including the lawsuit brought by the U.S. Department of Justice; and (3) RealPage's revenue management software product does not facilitate direct or indirect coordination. Supp. Dreyfuss Decl. ¶¶ 1–14.

RealPage respectfully submits that under controlling precedent, where, as here, there is a "colorable claim" that the Ordinance burdens expression, it is the City's burden to show that RealPage's speech is illegal—as the burden of proving that "expressive conduct falls outside the category of protected speech" is always on the government, even where the speaker is the plaintiff seeking to enjoin the law. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). As the Supreme Court noted in *Illinois, ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 620 n.9 (2003), placing the burden on the speaker to show that speech does not fall into a prohibited category is inappropriate. As the Court explained, "to avoid chilling protected speech, the government must bear the burden of proving that the speech it seeks to prohibit is unprotected." *Id.* (citing *Freedman v. Maryland*, 380 U.S. 51, 58 (1965); *Speiser v. Randall*, 357 U.S. 513, 525–26 (1958)). Showing that targeted speech is illegal is part of the general burden "the government bears of justifying its speech-restrictive law." *California Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 478 (9th Cir. 2022); *see also Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024) (once it is shown that a law restricts speech, "the burden shifts to the government to justify the restriction on speech"); *McCullen v. Coakley*, 573 U.S. 464, 495 (2014) (burden to "demonstrate" tailoring); *United States v. Stevens*, 559 U.S. 460, 468–71 (2010) (same).

The Supplemental Declaration submitted herewith confirms that the City's showing in this regard is insufficient, but even if RealPage had the burden of showing that its software did not involve "illegal" speech, the Supplemental Declaration would satisfy that burden.

Respectfully submitted,

April 18, 2025

By: /s/ Kristin A. Linsley
     Kristin A. Linsley

Kristin A. Linsley (#154148)
  klinsley@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center #2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306

Jay P. Srinivasan (#181471)
  jsrinivasan@gibsondunn.com
Bradley J. Hamburger (#266916)
  bhamburger@gibsondunn.com
Samuel Eckman (#308923)
  seckman@gibsondunn.com
Alexander N. Harris (#278482)
  aharris@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

*Attorneys for Plaintiff RealPage, Inc.*