UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALPAGE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BERKELEY, et al.,<br><br>    Defendants. | Case No. 25-cv-03004-JSC<br><br>**ORDER RE: TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 12 |

The City of Berkeley adopted an ordinance making it "unlawful to sell, license, or otherwise provide to city of Berkeley landlords any coordinated pricing algorithm that sets, recommends, or advises on rents or occupancy levels that may be achieved for residential dwelling units in the city of Berkeley." Berkeley Ordinance No. 7,956-N.S. § 13.63.030(A) ("Ordinance"). The Ordinance also makes it unlawful for landlords to "use" such coordinated pricing algorithms when setting rents or occupancy levels for residential dwelling units in the city of Berkeley. *Id.* § 13.63.030(B). On April 2, 2025, RealPage, Inc. sued the City of Berkeley and City Manager Paul Buddenhagen (collectively, "Defendants"), challenging the Ordinance. The following day, RealPage filed a motion for a temporary restraining order to prohibit Defendants from enforcing or causing to be enforced the Ordinance, which takes effect on April 24, 2025.[1] (Dkt. No. 12.)

Following oral argument on April 16, 2025, the parties submitted supplemental filings. (Dkt. Nos. 42, 44.) Defendants' filing includes a declaration from the City Attorney for the City of Berkeley attesting "[t]he City Attorney's Office will not enforce the Ordinance against

---

[1] RealPage "move[d] this Court for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b), and/or for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a)." (Dkt. No. 12 at 2.) At the hearing, RealPage clarified it presently seeks a temporary restraining order.

RealPage for sixty days from the Ordinance's effective date until June 23, 2025, or, if RealPage files a motion for preliminary injunction before that date, until the Court resolves that motion." (Dkt. No. 44-1 ¶ 6.) The irreparable injury RealPage asserted was a violation of its First Amendment rights. (Dkt. No. 31 at 18 (arguing "RealPage is likely to suffer irreparable harm because the 'loss of First Amendment freedom, for even minimal periods of time, unquestionably constitutes irreparable injury.' *Elrod v. Burns*, 427 U.S. 347, 373 (1976).").) Given Defendants' commitment to stay enforcement of the Ordinance, the Court DENIES as MOOT RealPage's motion for a temporary restraining order.

The parties shall meet and confer on a briefing schedule and expedited discovery for RealPage's motion for a preliminary injunction and submit a stipulation with a proposed schedule by April 30, 2025.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: April 23, 2025

JACQUELINE SCOTT CORLEY
United States District Judge