UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALPAGE, INC., <br>     Plaintiff, <br> v. <br> CITY OF BERKELEY, et al., <br>     Defendants. | Case No. 25-cv-03004-JSC <br><br> **ORDER RE: PRELIMINARY INJUNCTION SCHEDULE AND DISCOVERY** |

The Court is in receipt of the parties' joint statement regarding the schedule on Plaintiff's motion for a preliminary injunction. (Dkt. No. 47.) As it pertains to the preliminary injunction motion, the Court sets the following schedule:

| | |
|---|---|
| Discovery Opens: | May 5, 2025 |
| Deadline to File Motion: | May 30, 2025 |
| Deadline to File Opposition: | July 18, 2025 |
| Deadline to File Reply: | August 1, 2025 |
| Discovery Closes: | August 1, 2025 |
| Hearing: | August 28, 2025 |

As indicated by the above schedule, the Court denies RealPage's request for an enlargement of time—beyond what Defendants agreed to—to file its reply. And the Court denies Defendants' premature request for automatic leave to file a sur-reply.

As to the discovery disputes in the parties' joint statement, the Court rejects Defendants' request to "open discovery at this time . . . only as to RealPage and any relevant third parties." (Dkt. No. 47 at 16.) *City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984), the case upon which Defendants primarily rely, does not stand for the proposition that Defendants—as a

city and city manager—are categorically immune from discovery requests. In *Foley*, the Ninth Circuit considered whether "legislators can be deposed solely to determine their subjective motives for enacting ordinances challenged as violative of the First Amendment." The Ninth Circuit found no basis for deposing officials "to determine their individual motives for enacting the regulation." *Id.* at 1299. So, it "direct[ed] the district court to determine whether and to what extent deposition testimony may be useful, limited to establishing relevant objective circumstances under which the ordinance was enacted." *Id.* The opinion did not impose a blanket prohibition on seeking discovery from legislators, or as in this case, from a municipality.

The Court also declines to impose Defendants' proposed 5-, 7-, and 10-day discovery deadlines. Given the schedule set forth above, the parties should meet and confer about reasonable deadlines for serving responses. The Court directs the parties to its standing order, which provides two options for presenting discovery disputes in the event the parties cannot reach resolution.

**IT IS SO ORDERED.**

Dated: May 1, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2